UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MIKE & SONS CONSTRUCTION, INC., an Illinois Corporation, and DJOKIC MASONRY CONSTRUCTION COMPANY, a dissolved Illinois Company, | |
| Plaintiffs/Counter Defendants, | No. 08 C 5150 |
| v. | Magistrate Judge Susan E. Cox |
| INTERNATIONAL UNION OF BRICKLAYERS and ALLIED CRAFTWORKERS, DISTRICT COUNCIL #1, | |
| Defendant/Counterclaimant. | |

**MEMORANDUM OPINION AND ORDER**

On August 11, 2008, an arbitration award was issued in favor of the defendant, the Illinois District Council No. 1 of the International Union of Bricklayers and Allied Craftworkers ("the Union"), finding that plaintiffs, Mike and Sons Construction, Inc. ("Mike and Sons") and Djokic Masonry Construction Company ("Djokic Masonry") - along with two individuals- failed to follow the terms of a collective bargaining agreement ("CBA"). On September 9, 2008, plaintiffs filed this action to vacate that award. Then eight months later, on April 30, 2008, plaintiffs moved for leave to file an amended complaint to add as plaintiffs the two individuals: (1) Mladin Djokic ("Mladin"), the owner of a now defunct business, Djokic General Masonry Company ("General Masonry"); and, (2) Milenko Djokic ("Milenko"), Mladin's son and the owner of Mike and Sons. That motion is now before the Court [dkt. 21].

The Court must determine whether, pursuant to Rule 15 of the Federal Rules of Civil Procedure, the complaint may be amended to add Mladin and Milenko as plaintiffs. There is a liberal policy of granting amendments under Rule 15.[1] But in this case the 90-day statute of limitations to challenge arbitration awards complicates the application of that rule.[2]

I. **Facts**

On March 15, 1989, Mladin signed a CBA with the Union on behalf of General Masonry, a corporation which ceased operation around 1997 and was dissolved in 2000. The CBA incorporated agreements between the Union and employers and provided that employers utilize eligible members of the bargaining unit, pay specified wages, and make fringe benefit contributions for that work.[3] Ten years later, on November 16, 1998, Mladin's son, Milenko, created Mike and Sons. Mike and Sons did not enter into a CBA with the Union.

After another ten years, on March 26, 2008, the Union informed Mladin, Milenko, Djokic Masonry, and Mike and Sons that they had violated the terms of the CBA and that the Union had filed a grievance with a Joint Arbitration Board ("JAB"). On June 24, 2008, the JAB heard evidence and testimony on the alleged violations. On August 11, 2008, the JAB granted the Union's grievance and held that Mike and Sons, General Masonry, Milenko and Mladin were all "one and the same" and "jointly responsible" for the obligations of each other.[4] The JAB specifically found that they, as a group, disregarded the CBA and used ineligible employees to perform bargaining work.[5] The JAB assessed damages to be paid to the Union in the amount of $41,904.16. The next month, the

---

[1] *See Gregg Communications Systems, Inc. v. Am.Telephone and Telegraph Co.,* 98 F.R.D. 715, 720 (N.D. Ill. 1983).
[2] *See Int'l Union of Operating Engineers, Local 150, AFL-CIO v. Centor Contractors, Inc.,* 831 F.2d 1309, 1311 (7th Cir. 1987)(applying the 90 day statute of limitations).
[3] Counterclaim, ¶ ¶ 7-8.
[4] JAB award, Union's Memo in Opposition, Exh. D.
[5] *Id.*

two companies, Mike and Sons and Djokic Masonry, filed a motion to vacate the JAB's award.

**II.     Analysis**

This case arises under section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, to vacate the JAB's award. Section 301, however, does not provide a statute of limitations to challenge an arbitration decision. We look, therefore, to the statute of limitations for "a comparable action in the forum state."[6] The Illinois Arbitration Act prescribes a 90-day statute of limitations.[7] Here, plaintiffs filed their motion to vacate the arbitration award within the 90-day limit. But when plaintiffs' filed their motion to amend the complaint, more than 90 days had already passed. So we are left with the following issue: whether it is considered timely to allow plaintiffs to amend their original motion to vacate by adding two additional plaintiffs, outside the 90 day period, when the original motion was timely. We turn to this question knowing that the Seventh Circuit has not addressed this precise issue.

The Union argues that the Court should follow Seventh Circuit case law that strictly applies the 90-day statute of limitations to arbitration cases and bar plaintiffs' amendment. Plaintiffs, however, assert that Mladen never operated a business called General Masonry, the company that signed the CBA in 1989, so the CBA is void ab initio. In fact, plaintiffs claim that the company General Masonry never even existed (despite Mladen signing the CBA as its representative). Finally, plaintiffs argue that either way, Rule 15 allows the amendment to relate back to the date of the original pleading and, thus, the motion to amend should be granted.

We first address the Union's argument that the 90-day statute of limitations should be strictly

---

[6] *Sullivan v. Gilchrist*, 87 F.3d 867, 870 (7th Cir. 1996).
[7] 710 ILCS 5/12(b) (2009).

applied, even here. In support, the Union first cites to *Sullivan v. Gilchrist*.[8] In that case, the Seventh Circuit ruled that the expiration of the 90-day statute of limitations barred a challenge that, like this case, called into question the very existence of a CBA.[9] The rule established was that the "failure to challenge an arbitration award within the applicable limitations period renders the award final."[10] The Union next cites *International Operating Union of Engineers, Local 150 v. Rabine*, where the Seventh Circuit reaffirmed its holding in *Sullivan* and held that the 90-day limit applies to even those parties that assert that they are not bound to the arbitration award because they did not sign the CBA.[11]

But here, because the action was already filed, the only issue is whether an *amendment* is allowed after the 90-days have passed, not whether the motion itself is too late. In both *Sullivan* and *Rabine*, no party to the arbitration award filed a motion to vacate *at all* prior to the expiration of the 90-day period.[12] The Seventh Circuit's rule, therefore, is that when parties "sit on their collective hands," they waive "the right to challenge the outcome later."[13] This is not exactly what happened in this case. At least two of the parties against whom the arbitration award was issued timely filed a motion to vacate the arbitration award.

This brings us to the district court cases that the Union cites. These cases involve parties that have filed a motion within 90 days, but then seek to amend their complaints to add, for the first time, a claim to vacate an arbitration award outside of the 90 days.[14] For this analysis courts apply the 90-

---

[8] 87 F.3d 867.
[9] *Sullivan*, 87 F.3d at 869-70.
[10] *Id.* at 871.
[11] 161 F.3d 427, 428-29 (7th Cir. 1998).
[12] *See Rabine,* 161 F.3d at 431-32.
[13] *Id.* at 432.
[14] *See Tecam Electric v. Local 701, IBEW*, No. 01 C 3333, 2001 WL 1338985 (N.D. Ill. Oct. 29, 2001); *see also McClelland v. Azrilyan*, 31 F.Supp.2d 707, 711 (W.D. Mo. 1998); *Pennsylvania Engineering Corp. v. Islip*, 714 F.Supp. 634, 637-38 (E.D.N.Y. 1989).

day statute of limitations and address how it works with Rule 15's relation back provision. Specifically, Rule 15(c)(2) and (3), provide that an amended complaint "chang[ing] the party or the naming of the party against whom the claim is asserted" relates back to the date of the original pleading "when the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading."[15] The Advisory Committee Notes to Rule 15 explain that these provisions governing the addition of defendants by amendment "extends by analogy to amendments changing plaintiffs."[16] The rule is designed to allow parties to add new claims only if there is no unfair surprise or prejudice. Rule 15(c), for example, does not allow a new party to be added who would then "be deprived of his statute of limitations defense."[17]

The Union first cites *McClelland v. Azrilyan*, a case from the Western District of Missouri.[18] In that case, the moving party's original complaint sought to stay confirmation of an arbitration award, whereas the amended complaint would have added a new claim to vacate the award.[19] In finding that the motion to vacate was barred, the court applied Rule 15, holding that the motion to vacate did not relate back to the date of the motion to stay the arbitration award for three reasons: (1) the original motion did not mention vacating the arbitration award; (2) the motion to vacate did not arise out of the same "conduct, transaction, or occurrence" because the motion to stay sought to delay the case, whereas the motion to vacate sought to challenge the procedures employed in the

---

[15] Fed. R. Civ. P. 15(c)(2); 15(c)(3).
[16] Fed. R. Civ. P. 15(c) advisory committee's notes.
[17] *Lojuk v. Johnson,* 853 F.2d 560, 562 (7th Cir. 1988)(noting that, "[i]n general, relation back was developed in order to liberalize the rules of pleading for the plaintiff without contravening the policies beyond the statute of limitations" but the "'[t]he linchpin [of the Rule] is notice.'").
[18] 31 F.Supp.2d 707, 711 (W.D. Mo. 1998).
[19] *McClelland*, 31 F.Supp.2d at 711.

underlying arbitration; and (3) "allowing relation back would have the effect of denying [plaintiff] the protection of the three-month notice requirement."[20] In its third point, the court went further to note that, even if the motion to vacate and the motion to stay confirmation did arise out of the same "'conduct, transaction, or occurrence,'" relation back would still not be appropriate because of the notice issue.[21]

The Union also cites *Pennsylvania Engineering Corp. v. Islip*, an Eastern District of New York case, and *Tecam Electric v. Local 701, IBEW,* a case from our jurisdiction.[22] First, in *Pennsylvania Engineering Corp***,** the court did not allow an amended complaint that would have added a motion to vacate the arbitration award to relate back to a breach of contract claim, even though the breach of contract claim had been filed within 90-days of the award.[23] Likewise, in *Tecam Electric*, Judge Darrah ruled that an amended complaint (to add a motion to vacate) filed after the 90-days would not relate back to the original complaint because the original complaint was premised on a breach of contract theory.[24] Judge Darrah highlighted the same three reasons cited in *McClelland* and reiterated that the plaintiff had not sought to vacate any of the arbitration awards within the three-month limitations period.[25]

Again, those cases all involve plaintiffs that did not file any motions to vacate within the 90-day time period. In this case, the amended complaint would simply add two plaintiffs to a timely filed motion to vacate. We find, nonetheless, that the premise upon which those courts denied the motions to amend is relevant. If left as is, the parties are only fighting over whether the two

---

[20]*Id*.
[21]*Id*.
[22]714 F.Supp. at 637-38; No. 01 C 3333, 2001 WL 1338985 (N.D. Ill., Oct. 29, 2001).
[23] 714 F.Supp. at 637-38.
[24]2001 WL 1338985.
[25] *Id*. at *5 (*citing McClelland*, 31 F. Supp.2d at 711).

companies, Mike and Sons and Djokic Masonry, are subject to the arbitration award. But adding Mladin and Milenko, individually, to the complaint effectively adds two new claims. Currently, the Union may seek enforcement of the judgment against Mladin and Milenko. If the Court, however, allows plaintiffs to amend, the Union has two new claims to challenge, that it otherwise did not have, and did not have notice of within the 90-day period following the arbitration award.

With that in mind, we look to two additional cases for guidance: a district court decision from our circuit and a case relied upon by the district court, from the Eleventh Circuit. First, in *Stulberg v. Intermedics Orthopedics, Inc.*, the district court made an exception to the 90-day rule.[26] The issue in that case was whether plaintiffs could amend their timely-filed motion to vacate, which was based upon procedural challenges, to add substantive arguments.[27] Then District Judge Williams explained that the motion could be amended to add the substantive arguments because the original motion was filed within the 90-days *and* the parties, in a footnote in their first motion to vacate, "clearly expressed their intent" to "raise substantive arguments if the court ruled against [them] on their procedural claims."[28]

In reaching her decision, Judge Williams followed the "highly persuasive" reasoning of the Eleventh Circuit's holding in *Bonar v. Dean Witter Reynolds, Inc.*[29] In that case, the Eleventh Circuit addressed whether,

> an amended motion to vacate an arbitration award, filed outside of the three month period and raising additional grounds for vacation, is deemed timely if the original motion to vacate was timely.[30]

---

[26] No. 94 C 4805, 1999 WL 759608, *7 (N.D. Ill. Aug. 31, 1999).
[27] *Stulburg,* 1999 WL 759608 at *7.
[28] *Id.* at *6-7.
[29] *Id.* (citing *Bonar v. Dean Witter Reynolds, Inc.,* 835 F.2d 1378 (11th Cir. 1988)).
[30] *Bonar*, 835 F.2d at 1381-82.

The court held that, pursuant to Rule 15, the additional allegations that the plaintiff sought to add to the complaint "arose out of the same transaction or occurrence set forth in the original motion to vacate."[31] The court also made note of the basis for which plaintiff sought to amend the motion to vacate, which was a result of information learned from an "in-depth investigation" by plaintiff that happened to extend past the three month period.[32]

These cases are again distinguishable. In *Stulberg* the ruling was based on the defendant having notice of the allegations. The plaintiffs had included a footnote, in their original motion, alerting the defendant to their plan to add substantive arguments. There is no analogous warning from plaintiffs in this case that they intended to challenge the arbitration award on behalf of Mladin and Milenko.

A strong argument can be made that this court should follow *Bonar*, where the Eleventh Circuit relied on the fact that the amendment and the original motion arose out of the same conduct and occurrence. Here, the parties do not dispute that, under a traditional Rule 15(c) analysis, the amendment plaintiffs seek to add arose out of the same "conduct, transaction or occurrence."[33] But the ultimate problem is notice. The *Bonar* court's analysis was concise, and did not discuss the issue of notice. The court there, rather, made note that the plaintiff could not have known to include certain allegations in his motion to vacate because it was only through further investigation that he gained knowledge of any possible fraud claims.

Here, though Mladin and Milenko had every right to challenge the arbitration award, they did not do so within the required time period. Their failure to do so was not because they did

---

[31] *Id.* at 1382.
[32] *Id.*
[33] *See* Fed.R.Civ.Pro. 15(c).

know to challenge the award. They were, in fact, at the arbitration proceedings. Allowing relation back would have the effect, as stated in *McClelland* and reiterated in *Tecam*, of denying the Union the protection of the three-month notice requirement. Such would be in conflict with "the two purposes of [the Federal Arbitration Act] - ensuring that a party is notified of the litigation concerning a particular occurrence within a reasonable time and furthering Congress's intent to make arbitration a fast, efficient, and inexpensive substitute to litigation."[34]

The Court also hesitates to stray from the Seventh Circuit's approach thus far. We recognize that the appellate court has not yet taken a position on this particular issue, where a party seeks to simply amend a timely filed motion to vacate. But absent further direction from above, we are unwilling to hold that individuals, with full knowledge of the arbitration award against them, are excused from timely challenging the award *on their own behalf.*

The Court reaches this conclusion notwithstanding plaintiffs' request that we rely on *Triad Construction Services, Inc. v. International Union of Operating Engineers, Local 150, Afl-CIO.*[35] In ruling on the parties' cross-motions for summary judgment, the court in *Triad* found that because there was never an agreement between the Union and the defendant, there was never a voluntary agreement to arbitrate.[36] Plaintiffs make a comparison to this case because, here, the CBA that Mladen signed was marked as an agreement with General Masonry, which, plaintiffs argue, he never operated. Plaintiffs may be correct in their application of *Triad* for purposes of their motion to vacate, but it is not pertinent here. The analysis in *Triad* - whether the union in that case had an arguable basis for jurisdiction when it knew there was no valid CBA - cannot be applied to

---

[34] *Tecam Elec. M.V.,* 2001 WL 1338985 at *5; *see also McClelland,* 31 F.Supp.2d at 711.
[35] No. 07 C 6218, 1999 WL 571053(N.D. Ill. July 28, 1999).
[36] *Triad Constr. Services,* 1999 WL 571053 at *1-3.

determine whether a motion to amend should be allowed. In *Triad*, the "undisputed facts" showed that the plaintiff had never entered into a CBA with the union and that no authorized agent signed it on the plaintiffs behalf.[37] Here, we have limited facts. We do not even have support for plaintiffs' contention that General Masonry did not exist. We keep our analysis, therefore, to the confines of the limited procedural question presented by this motion.

### III.   Conclusion

For the foregoing reasons, plaintiffs' motion to amend is denied [dkt. 21].

**IT IS SO ORDERED**.

**ENTERED:** August 25, 2009

_____
UNITED STATES MAGISTRATE JUDGE

---

[37] 1999 WL 571053 at *1.